1
2
3
4
5
6
7

Robert Ottinger (SBN 156825)
**THE OTTINGER FIRM, P.C.**
535 Mission Street
San Francisco, CA 94133
Tel: (415) 262-0096
Fax: (212) 571-0505
Email: robert@ottingerlaw.com

*Attorney for Plaintiff Yolanda Sanchez,*
*Pablo Sanchez, Monica Tejada and the*
*Putative Class*

8

**UNITED STATES DISTRICT COURT**

9

**NORTHERN DISTRICT OF CALIFORNIA**

10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

| | |
|---|---|
| YOLANDA SANCHEZ, PABLO SANCHEZ, MONICA TEJADA, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>HEARST COMMUNICATIONS, INC., and DOES 1–10, inclusive,<br><br>Defendants. | **Case No.: TBD**<br><br>**FIRST CLASS ACTION & REPRESENTATIVE ACTION COMPLAINT FOR DAMAGES, RESTITUTION AND OTHER RELIEF**<br><br>1. Failure to Compensate Piece Rate Employees for Rest and Recovery Periods and Other Non-Productive Time (Cal. Lab. Code §§ 226.2);<br><br>2. Failure To Provide Meal Periods (Cal. Lab. Code §§ 226.7, 512 & 1198);<br><br>3. Failure To Provide Rest Periods (Cal. Lab. Code §§ 226.7, 512 & 1198);<br><br>4. Failure To Pay Minimum and Overtime Wages (Cal. Lab. Code §§ 510, 1194, 1194.2 & 1198);<br><br>5. Failure to Maintain Accurate and Complete Employment Records (Cal. Labor Code §§ 1174.5);<br><br>6. Failure To Provide Accurate, Itemized Wage Statements (Cal. Lab. Code § 226);<br><br>7. Waiting Time Penalties (Cal. Labor Code §§ 201-203)<br><br>8. Failure to Reimburse Business Expenses (Cal. Labor Code § 2802) |

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

9.   Unfair Competition (Cal. Bus. & Prof.
     Code §17200 *et seq.*)

**JURY TRIAL DEMANDED**

Plaintiff Yolanda Sanchez, Pablo Sanchez, and Monica Tejada, individually and on behalf of all others similarly situated (collectively, "Plaintiffs" or "Class Members"), complain and allege upon personal knowledge and information and belief as follows:

## INTRODUCTION

1.      Plaintiffs bring this class action against Defendant Hearst Communications, Inc. ("Hearst") and DOES 1–10 (collectively "Defendants"), and on behalf of other persons similarly situated in California (collectively referred to as the "Class Members") from the date four years prior to the filing of the Complaint through the date of trial in the action.

2.      Defendant violated California law by maintaining policies and practices that systematically fail to provide employees with the protections of California's Labor Code.  Due to Defendant's policies and practices, Defendant has violated numerous provisions of the California Labor Code, including but not limited to, failing to compensate Class Members for all hours worked, failing to compensate piece rate employees for rest and recovery periods and other non-productive time, failure to provide Class Members with meal periods and rest periods, failure to provide Class Members with minimum and overtime wages, failing to maintain accurate and complete employment records, failure to provide Class Members with accurate, itemized wage statements, failure to reimburse Class Members for business expenses, and failure to timely pay all wage earned. Plaintiff also alleges that these acts, which violate the California Labor Code, constitute unlawful and unfair business practices in violation of the California Unfair Competition Laws.

## PARTIES

3.      Plaintiff Yolanda Sanchez is an adult individual residing in Belmont, CA in San Mateo County, California.  Plaintiff was employed by Hearst as a newspaper dealer in and around Burlingame, Hillsborough, and San Mateo, California, from 2012 until October 21, 2018.  At all relevant times, Plaintiff met the definition of an "employee" of Hearst under all applicable statutes, despite Hearst's misclassification of Ms. Sanchez as an independent contractor.  At all relevant times Plaintiff's employment with Hearst was governed by Title VIII of the California Code of

Regulations, § 11010, and related Industrial Welfare Commission ("IWC") Wage Order No. 1-2001.

4.      Plaintiff Pablo Sanchez is an adult individual who was employed by Hearst as a newspaper dealer in and around San Mateo, California.  Plaintiff Pablo Sanchez was employed by Hearst from the end of August 2009 to September 2019.  At all relevant times, Plaintiff met the definition of an "employee" of Hearst under all applicable statutes, despite Hearst's misclassification of Mr. Sanchez as an independent contractor.  At all relevant times Plaintiff Pablo Sanchez's employment with Hearst was governed by Title VIII of the California Code of Regulations, § 11010, and related Industrial Welfare Commission ("IWC") Wage Order No. 1-2001.

5.      Plaintiff Monica Tejada is an adult individual who was employed by Hearst as a newspaper carrier from around 2015 to 2017 in and around Cupertino, California.  At all relevant times, Plaintiff met the definition of an "employee" of Hearst under all applicable statutes, despite Hearst's misclassification of Ms. Tejada as an independent contractor.  At all relevant times Plaintiff Tejada's employment with Hearst was governed by Title VIII of the California Code of Regulations, § 11010, and related Industrial Welfare Commission ("IWC") Wage Order No. 1-2001.

6.      On information and belief, Defendant Hearst Communications, Inc. is incorporated under the laws of the State of Delaware with a principal place of business in the state of New York, New York County, located at 300 West 57th Street, New York, NY 10019, as well as a principal office in California in San Francisco County located at 10 5th Street, San Francisco, CA 94103.

7.      Hearst Communications Inc. is a media company distributing online and print media throughout the United States, including in the San Francisco Bay Area.  At all relevant times herein, Hearst met the definition of "employer" under all applicable statutes.

8.      On information and belief, Hearst is engaged in the ownership, management, and operation of the *San Francisco Chronicle* newspaper.

9.    On information and belief, during the liability period Hearst employed Plaintiffs (and the Class Members) as "Newspaper Dealers" and/or "Newspaper Carriers" but classified them as independent contractors rather than employees.

10.    On information and belief, Hearst directly or indirectly exercised control over the wages, hours and working conditions of Plaintiffs and the Class Members.

11.    On information and belief, Hearst is by far the largest distributor of print news subscription products in the greater Bay Area and Northern California, including in Alameda, Contra Costa, Marin, Napa, San Francisco, San Mateo, Santa Clara, Solano, and Sonoma Counties. Hearst, through the workers it hires as independent contractors, distributes the San Francisco Chronicle, as well as the New York Times, the Wall Street Journal, the East Bay Times, the San Jose Mercury News, the Sing Tao Daily, the World Journal, the Korea Times Daily, Barron's, and the Financial Times.

12.    The true names and capacities, whether individual, corporate, associate, or otherwise, of Defendants sued herein as Does 1 through 10, inclusive, are currently unknown to Plaintiffs who therefore sue Defendants by such fictitious names.  When the true names and capacities of Does 1-10 are ascertained, Plaintiffs will amend their Complaint to insert their true names and capacities.  Plaintiff is informed and believes and thereon alleges that each of the fictitiously-named Defendants is responsible in some manner for the occurrences herein alleged, and that the damages of Plaintiff and the Class Members herein alleged were proximately caused by such Defendants.

13.    Plaintiffs are informed, believe, and thereon allege that each of the Defendants herein was, at all times relevant to the action, the agent, employee, representing partner, and/or joint venture of the remaining Defendants and was acting within the course and scope of the relationship.  Plaintiffs are further informed, believes, and thereon alleges that each of the Defendants herein gave consent to, ratified and authorized the acts alleged herein to the remaining Defendants.

**JURISDICTION & VENUE**

14.     This Court has jurisdiction over this action pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d)(2), because this is a class action where "any member of a class of plaintiffs is a citizen of a state different from any defendant and the aggregated amount in controversy exceeds $5,000,000, exclusive of interest and costs."

15.     In addition, this is a class action brought in diversity between Plaintiffs and the Class Members and Defendant Hearst, wherein jurisdiction lies under 28 U.S.C. § 1332.

16.     This Court has personal jurisdiction over Defendant Hearst, because Hearst has sufficient minimum contacts with the Northern District of California so as to render the exercise of jurisdiction over it by this Court consistent with traditional notions of fair play and substantial justice.

17.     Venue is proper in this District under 28 U.S.C. § 1391, because: a substantial part of the events or omissions giving rise to Plaintiffs and the Class Member's claims occurred within this district; Hearst transacts business, committed an act alleged to be unconstitutional, illegal or tortious, and/or is found within this district.

**GENERAL FACTUAL ALLEGATIONS**

**A. Defendant's Operation**

18.     Defendant Hearst publishes and distributes a newspaper of general circulation, operating in the San Francisco Bay Area.  Most of Hearst's customers receive home delivery of newspapers on a daily basis which are printed and distributed under the auspices of the Defendant doing business as the San Francisco Chronicle newspaper (hereinafter "the Chronicle").

19.     Defendant organizes the distribution of the Chronicle by maintaining distribution facilities in Alameda, Contra Costa, Marin, Napa, San Francisco, San Mateo, Santa Clara, and Sonoma Counties which are owned and controlled by Hearst.

20.     Newspaper delivery is an integral part of the business enterprise of Hearst.  Plaintiffs and the Class Members perform an integral part of Hearst's operations, which include distributing newspapers.

21.     Hearst has, at all relevant times, had the right to control Plaintiffs and the Class Members' performance of their work as Newspaper Carriers and/or Newspaper Dealers.

**B.  Defendant's Control over Plaintiffs and the Class Members and Their Work**

22.     The work performed by Plaintiffs and the Class Members for Hearst did and does not involve any variable scope of independence or choice.  Rather, Hearst controlled and controls the duties Plaintiffs and the Class Members perform and the hours Plaintiffs and the Class Members work.

23.     Defendant required Plaintiffs to pick up and deliver newspapers by certain specified hours, such as by 6:00 a.m. Monday through Saturday and 7:30 a.m. on Sunday.

24.     Upon information and belief, Plaintiffs were paid piece rates for delivering different newspapers that did not vary based on their hours worked.  For example, Plaintiff Yolanda Sanchez was paid $.16 for each delivery of the *NY Times*, *San Francisco Chronicle* and *Financial Times*, and $.10 for each delivery of *USA Today*.  Further, Plaintiff Pablo Sanchez was paid $.22 for each delivery of the *NY Times*, *San Francisco Chronicle, USA Today*, *Financial Times*, and his piece rates ranged from $.10 to $.38.

25.     Plaintiff Yolanda Sanchez worked approximately ninety-one (91) hours per week and, upon information and belief, received less than the applicable minimum wage.  For example, Plaintiff Yolanda Sanchez received a 1099 from Defendant in 2017 for $24,064.75, in 2018 for $41,623.52.

26.     Plaintiff Pablo Sanchez worked approximately seventy-five (75) hours per week and, upon information and belief, received less than the applicable minimum wage.  For example, Plaintiff Pablo Sanchez received about $1,000 to $2,000 every two weeks, net of expenses.

27.     Plaintiff Monica Tejada worked approximately forty-four (44) to fifty (50) hours per week and, upon information and belief, received less than the applicable minimum wage.

28.     Upon information and belief, Defendant also paid newspaper dealers a bonus if they did not receive a certain amount of complaints, which bonus was not properly factored into newspaper dealers' overtime compensation.

29.     On information and belief, Class members were and are subjected by Defendant Hearst to substantially the same contractual terms with respect to the condition and timing of their delivery of newspapers to Defendant's customers.

30.     Plaintiffs were required to work with other delivery drivers to assist in executing their job duties.  Plaintiffs had a regular schedule or required to pick up newspapers by a certain hour, which was determined by Defendant.  On information and belief, Plaintiffs' contracts stipulate certain hours they were expected to work and how much they would be compensated for said work.

31.     Defendant instructed Plaintiffs on exactly how, when, and where to deliver newspapers.  In addition to contractually designating the geographic scope of Plaintiffs' delivery routes, Defendant generated and controlled Plaintiffs' route lists on a daily basis.

32.     On information and belief, the Class Members were and are likewise subject to Defendant's control as described in the previous paragraph.  Class Members were and are required to work with other drivers, and had regular schedules set by Hearst.  Upon information and belief, Class Members had contracts stipulating their schedules and compensation, all dictated by Hearst.

33.     On a typical workday, Plaintiffs drove to Defendant's warehouse in their own vehicles.  Upon arriving at the warehouse, Plaintiffs ensured newspapers were properly folded and/or sorted.  Plaintiffs then loaded their personal vehicles and drove to stops on the route assigned to them by Defendant.  They then distributed newspapers, house to house.  Newspaper dealers received communications about redeliveries from Hearst, and then communicated that information to newspaper carriers.

34.     Upon information and belief, aside from the duties expressly included in Plaintiffs' contracts, Hearst demanded additional services outside of the contracts and outside of the delivery hours specified in the contracts for which Plaintiffs were required to remain on-call and subject to Hearst's control.  Upon information and belief, for example, Hearst required re-delivery of missing, damaged, or stolen products.  Plaintiff Pablo Sanchez, for instance, performed re-deliveries from around 6:30 a.m. or 7:00 a.m. to 10:30 a.m. from Monday to Saturday and from around 7 a.m. to 11 a.m. on Sunday. These demands were communicated to Plaintiff Yolanda Sanchez and Pablo

6

Sanchez, as newspaper dealers, through Hearst's online portals, and Plaintiff Yolanda Sanchez and Pablo Sanchez subsequently communicated the demands to newspaper carriers. Plaintiff Yolanda Sanchez and Pablo Sanchez, as newspaper dealers, were required to actively monitor and refresh these online portals each day and respond accordingly to re-delivery requests and other demands for service from Hearst's customers, and communicate the re-delivery requests and other demands for service to newspaper carriers. These other services require accessing an online portal, and include directives from Hearst to establish customer contact, perform on-site inspections for property damages, or to address product placement issues and other services required by Hearst to be satisfied by Plaintiffs.

35.    On information and belief, the Class Members were similarly required by Hearst to engage in the additional extra-contractual duties specified in the previous paragraph and were subject to Hearst's control for hours beyond those specified in their contracts as described in the previous paragraph.

36.    In performing these duties for Hearst, Plaintiffs drove their own cars, paid for their own gas, paid for their own vehicle maintenance, used their own cell phones, and paid for their own liability insurance.

37.    On information and belief, Class Members likewise drove their own vehicles, paid for their own gas, paid for their own vehicle maintenance, used their own cell phones, and paid for their own liability insurance while working for Hearst.

38.    Other than as described above, Plaintiffs and the Class Members did and do not invest in equipment with respect to their work for Hearst, and a relatively low degree of skill is required to perform the duties required by Hearst of Plaintiff and the Class Members.

**C. Misclassification**

39.    Plaintiffs reallege each and every fact in all preceding paragraphs, as alleged herein.

40.    Hearst has always classified Plaintiffs and the Class Members as independent contractors.

41.    Despite Hearst's classification of Plaintiffs and the Class Members as independent contractors, Plaintiffs and the Class Members have been under the control and direction of Hearst

in connection with the work they performed, both under their contracts, and for extra-contractual work performed.

42.    Hearst controlled and controls Plaintiffs and the Class Members' hours of work and supervised Plaintiffs and the Class Members.

43.    Hearst enjoyed and enjoys the right to terminate, at will and without cause, its employment relationship with Plaintiffs and the Class Members.

44.    Plaintiffs (and on information and belief the Class Members) did not perform other work outside of Hearst's line of business.

45.    Plaintiffs (and, on information and belief the Class Members) were not customarily engaged in any independently established trade, occupation, or business of the same nature as the work they performed for Hearst.

46.    Plaintiffs (and on information and belief the Class Members) generally had to work more than forty (40) hours per week, without proper compensation for overtime.

47.    Under conventional legal, and economic tests, Plaintiffs' and the Class Members' relationship with Hearst was that of an employee and not of an independent contractor.  Because Plaintiffs and the Class Members were and/or are employees and not independent contractors, numerous California Labor Code violations have occurred and/or are occurring.  Accordingly, Hearst is in violation of the laws of the State of California.

## CLASS ALLEGATIONS

48.    Pursuant to Federal Rules of Civil Procedure 23(a) and (b), Plaintiffs bring this action on behalf of themselves and the following defined group:

> All persons who are or have been contracted or otherwise engaged for work by Defendants in the State of California within the four years prior to the filing of this Complaint to the final disposition of this case to provide for distribution and delivery of print media products, including the San Francisco Chronicle, to Hearst's customers in the State of California, including, but not limited to individuals referred to as "Newspaper Carriers" and/or as "Newspaper Dealers."

49.    **Reservation of Rights:** This action is brought as a class action and may properly be so maintained pursuant to the provisions of Federal Rule of Civil Procedure 23.  Plaintiffs reserve the right to amend or modify the class definition and or the class period pursuant to discovery that is conducted hereafter.

50.    **Numerosity:** The Proposed Class is so numerous that joinder of all members is impracticable.  The precise identities, numbers and addresses of members of the Class are unknown to the Plaintiffs but may and should be known with proper and full discovery of Defendant, third parties, and their respective records.

51.    **Typicality:** Plaintiffs' claims are typical of all other Class Members as demonstrated herein.  Plaintiffs will fairly and adequately protect the interests of the other Class Members with whom he has a well-defined community of interest.

52.    **Adequacy:** Plaintiffs will fairly and adequately protect the interests of each class member, with whom she has a well-defined community of interest and typicality of claims, as demonstrated herein.  Plaintiffs have no interest that is antagonistic to the other Class Members. Plaintiffs' attorneys, the proposed class counsel, are versed in the rules governing class action discovery, certification, and settlement.  Plaintiffs have incurred, and during the pendency of the action will continue to incur, costs and attorneys' fees, that have been, are, and will be necessarily expended for the prosecution of the action for the substantial benefit of each class member. Plaintiffs have retained counsel experienced in wage and hour class action litigation.

53.    **Predominant Common Questions:**  This action may be maintained as a class action under Federal Rule of Civil Procedure 23(b)(3) because questions of fact and law common to the Class predominate over questions affecting only individual class members, and a class action is superior to other available means for the fair and efficient adjudication of this dispute.  Common questions of law and fact exist to all members of the Proposed Class and predominate over any questions solely affecting individual members of the Proposed Class, including but not limited to:

      a.   Whether Defendants, as matters of policy or practice, have misclassified Class Members as independent contractors rather than employees.

      b.   Whether Defendants, as a matter of policy or practice, have failed to relieve Class Members of all duty for first meal periods before the end of the fifth hour of their shifts?

c.  Whether Defendants, as matters of policy or practice, have failed to relieve Class Members of all duty for second meal periods before the end of the tenth hour of their shifts?

d.  Whether Defendants have failed to maintain a policy or practice that reasonably permits Class Members to take net rest periods of ten minutes for each four-hour work period, or major portion thereof?

e.  Whether Defendants have, as matters of policy or practice, failed to make good faith efforts to provide Class Members with rest periods of during the middle of each four-hour work period?

f.  Whether Defendants lack any mechanism for paying premium wages to Class Members when they are not provided with timely meal and/or rest periods?

g.  Whether Defendants are liable to Class Members for restitution of overtime and premium wages?

h.  Whether, by failing to pay premium wages to Class Members, Defendants have failed to provide them with written wage statements that accurately reflect their gross and net wages earned?

i.  Whether Defendants had a corporate policy and practice of failing to pay their hourly-paid or non-exempt employees within the State of California for all missed meal periods and rest breaks in violation of California law?

j.  Whether Defendants required Plaintiff and the other Class Members to work over eight (8) hours per day and/or over forty (40) hours per week and failed to pay the legally required overtime compensation to Plaintiff and the other Class Members?

k.  Whether Defendant required Plaintiff and the other Class Members to work seven (7) consecutive days failed to pay the legally required overtime compensation to Plaintiff and the other Class Members for such work?

l.  Whether Defendants complied with wage reporting as required by the California Labor Code, including, *inter alia*, section 226?

CLASS ACTION COMPLAINT FOR DAMAGES, RESTITUTION AND OTHER RELIEF

m.  Whether Defendants failed to pay timely and complete wages to former employees at termination in violation of California Labor Code, sections 201, 202, and 203?

n.  Whether Defendants kept complete and accurate payroll records as required by the California Labor Code, including *inter alia*, section 1174(d)?

o.  Whether Defendants' conduct was willful or reckless?

p.  Whether Defendants engaged in unfair business practices in violation of California Business & Professions Code section 17200, *et seq.*?

q.  The appropriate amount of damages, restitution, and/or monetary penalties resulting from Defendants' violation of California law?

r.  Whether Plaintiff and the other Class Members are entitled to compensatory damages pursuant to the California Labor Code?

s.  Whether Defendant failed to reimburse Plaintiff and the other Class Members for necessary business-related expenses and costs?

and;

t.  Whether Plaintiff and others are entitled to civil penalties under California Labor Code section 2699 *et seq.*?

54.  **Superiority:**  A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute separate lawsuits against a corporate Defendant.  A class action is superior to other available means for fair and efficient adjudication of class members' claims and offers significant benefits to the parties and the court.  A class action will allow a number of similarly situated persons to simultaneously and efficiently prosecute their common claims in a single forum without the unnecessary duplication of effort and expense that numerous individual actions would entail.  The monetary amounts due to many class members are likely to be relatively small, thus making it difficult, if not impossible, for individual class members to seek and obtain relief.  Moreover, a class action will serve important public interests by enabling the non-waivable statutory rights of class members to be effectively asserted, and fundamental public policies to be vindicated, in one proceeding.  A class action will

also provide a means for vindicating the rights of current employees who are less likely to come forward to assert those rights based on fears of employer reprisal.  Finally, a class action will prevent the potential for inconsistent or contradictory judgments inherent in individual litigation and address the problems inherent in random and fragmentary enforcement.

## FIRST CAUSE OF ACTION

***Failure to Compensate Piece Rate Employees for Rest and Recovery Periods and Other Non-Productive Time***

**(Lab. Code §§ 226.2)**

55.    Plaintiffs incorporates each of the preceding paragraphs of the Complaint by reference as if fully set forth herein.

56.    As alleged herein, Defendant has maintained a policy and/or practice whereby Plaintiff and Class Members have not been compensated for rest and recovery periods and other non-productive time in accordance with Cal. Lab. Code § 226.2.

57.    Defendant Hearst, Inc. did not avail itself to the California Labor Code § 226.2 Safe Harbor Provision and is required to compensate Plaintiff and Class Members for meal and rest breaks not included in their Piece Rates, and nonproductive time based on their average hourly rate, along with interest.

## SECOND CAUSE OF ACTION

***Failure to Provide Meal Periods***

**(Lab. Code §§ 226.7, 512, and 1198)**

58.    Plaintiffs incorporate all of the preceding paragraphs of the Complaint as if fully set forth herein.

59.    As alleged herein, Defendant has maintained a policy and/or practice whereby Plaintiffs and Class Members were misclassified as independent contractors. As such, Defendant has systematically failed and/or refused to provide Plaintiff and Class Members with uninterrupted, off-duty meal breaks of at least 30 consecutive minutes in duration for all shifts in

1    excess of 5 hours, as guaranteed to Plaintiff and Class Members as employees under Cal. Labor

2    Code § 226.7 and 512, and Wage Order 1-2001.

3         60.    Labor Code § 226.7(b) and Paragraph 11 of Wage Order 2001-01 require

4    employers to pay non-exempt employees an additional hour of premium wages at the employee's

5    regular rate of compensation on each workday that the employee is not provided with a meal

6    period.

7         61.    Labor Code § 1198 makes it unlawful for an employer to employ any person under

8    conditions of employment that violate the Wage Order.

9         62.    At relevant times during their employment, Defendants failed to relieve Plaintiffs

10   and Class Members of all duty for a first uninterrupted meal period of at least thirty minutes before

11   the end of their fifth hour of work and/or for a second uninterrupted meal period of at least thirty

12   minutes before the end of their tenth hour of work and failed to pay their premium wages on those

13   workdays.

14        63.    Plaintiffs are informed, believe, and thereon allege that, at all relevant times,

15   Defendants have maintained policies and practices with respect to employee scheduling and meal

16   periods that have prevented Plaintiffs and Class Members from being relieved of all duty for a first

17   uninterrupted meal period of at least thirty minutes before the end of their fifth hour of work and/or

18   for a second uninterrupted meal period of at least thirty minutes before the end of their tenth hour

19   of work, and have failed to pay them premium wages on those workdays.

20        64.    Pursuant to Labor Code § 226.7, Plaintiffs, on behalf of themselves and Class

21   Members, seeks to recover premium wages in amounts subject to proof.

22                        **THIRD CAUSE OF ACTION**

23                        ***Failure to Provide Rest Periods***

24                   **(Lab. Code §§ 226.7, 512, and 1198)**

25        65.    Plaintiffs incorporate all of the preceding paragraphs of the Complaint as if fully

26   set forth herein.

27        66.    As alleged herein, Defendant has maintained a policy and/or practice whereby

28   Plaintiffs and Class Members were misclassified as independent contractors. As such, Defendant

has systematically failed and/or refused to authorize or permit Plaintiffs and Class Members to take an uninterrupted 10-minute rest break for every 4 hours worked or major fraction thereof, as guaranteed to them as employees under Cal. Labor Code § 226.7 and Wage Order 1-2001.

67.    Paragraph 12 of Wage Order 4-2001 imposes an affirmative obligation on employers to permit and authorize employees to take required rest periods at a rate of no less than ten minutes of net rest time for each four-hour work period, or major portion thereof, that must be in the middle of each work period insofar as is practicable.

68.    Labor Code § 226.7 and Section 12 of the Wage Order require employers to pay non-exempt employees an additional hour of premium wages at the employee's regular rate of compensation on each workday that the employee is not provided with a rest period.

69.    Labor Code § 1198 makes it unlawful for an employer to employ any person under conditions of employment that violate the Wage Order.

70.    At relevant times during their employment, Defendants failed to authorize and permit Plaintiffs and Class Members to take net rest periods of at least ten minutes for each four-hour work period, or major portion thereof, and failed to pay their premium wages on those workdays.

71.    Plaintiffs are informed, believes, and thereon alleges that, at all relevant times, Defendants have maintained policies and practices with respect to employee scheduling and rest periods that have failed to authorize and/or reasonably permit Plaintiffs and Class Members to take net rest periods for each four-hour work period, or major portion thereof.

72.    Plaintiffs, on behalf of herself and Class Members, seek to recover premium wages for missed rest periods, consisting of an additional hour of pay at the regular rate of pay for each day a rest period was not provided, pursuant to Cal. Labor Code § 226.7 and Wage Order 1-2001.

**FOURTH CAUSE OF ACTION**

***Failure to Pay Minimum and Overtime Wages***

**(Lab. Code § 510, 1194, 1194.2, and 1198)**

CLASS ACTION COMPLAINT FOR DAMAGES, RESTITUTION AND OTHER RELIEF

73.     Plaintiffs incorporate all of the preceding paragraphs of the Complaint as if fully set forth herein.

74.     At all relevant times, Plaintiffs and Class Members have been non-exempt employees of Defendant entitled to the full protections of the California Labor Code and Wage Order 1-2001.

75.     Cal. Labor Code § 1198 makes it unlawful for an employer to employ any person under conditions of employment that violate Wage Order 1-2001.

76.     Section 2(K) of Wage Order 1-2001 defines "hours worked" as "the time during which an employee is subject to the control of the employer, [which] includes all the time the employee is suffered or permitted to work, whether or not required to do so."

77.     Cal. Labor Code §§ 510 and 1194, and Section 3 of Wage Order 1-2001, require employers to pay overtime wages to their non-exempt employees at no less than one and one-half times their regular rates of pay for all hours worked in excess of eight hours in one workday, all hours worked in excess of forty hours in one workweek, and for the first eight hours worked on a seventh consecutive day.

78.     Cal. Labor Code §§ 510 and 1194, and Section 3 of Wage Ordre 1-2001, also require employers to pay overtime wages to their non-exempt employees at no less than two times their regular rates of pay for all hours worked in excess of twelve hours in one workday, and for all hours worked in excess of eight hours on a seventh consecutive workday.

79.     During the entirety of the employment period, Defendant had a consistent policy of requiring Plaintiff and Class Members to work on average 10-hour work days every day of the week, 52 weeks a year without compensating Plaintiff and Class Members at a rate of one and one-half of their regular rate of pay for overtime work performed, in violation of Cal. Lab. Code §1194.

80.     Pursuant to Cal. Labor Code §§ 1194 (a) and 1194.2 (a), Plaintiffs, on behalf of herself and Class Members, seeks to recover earned and unpaid overtime wages, interest thereon, awards of reasonable attorneys' fees and costs, and liquidated damages, all in amounts subject to proof.

**FIFTH CAUSE OF ACTION**

*Failure to Maintain Accurate and Complete Employment Records*

**(Cal. Labor Code §§ 1174.5)**

81.     Plaintiffs incorporate all of the preceding paragraphs of the Complaint as if fully set forth herein.

82.     Cal. Labor Code § 1174 (d) requires an employer to keep at a central location in California or at the plant or establishment at which employees are employed, payroll records showing the hours worked daily by, and the wages paid to, each employee, and the number of piece-rate units earned by and any applicable piece rate paid to each employee. Plaintiff is informed and believes that Defendant willfully failed to make and keep such records for Plaintiff and Class Members.

83.     IWC Wage Order No. 1-2001, paragraph (7)(A) requires that every employer keep accurate employee information, including time records showing when each employee begins and ends each work period, and applicable rates of pay. Plaintiffs are informed and believe that Defendant failed to make and keep such records for Plaintiffs and Class Members.

84.     Plaintiffs are informed and believe that Defendant's failure to keep payroll records and accurate employee information, as described above, violated Cal. Lab. Code § 1174 (d) and IWC Wage Order No. 1-2001 (7)(A). Plaintiffs and Class Members are entitled to penalties of $100 for the initial violation and $200 for each subsequent violation for every pay period during which these records and information were not kept by Defendant.

85.     Plaintiffs, on behalf of herself and Class Members, are informed and believe that Defendant's failure to keep and maintain records and information, as described above, was willful, and Plaintiff and Class Members are entitled to a civil penalty of $500, pursuant to Cal. Lab. Code § 1174.5.

**SIXTH CAUSE OF ACTION**

*Failure to Provide Accurate, Itemized Wage Statements*

**(Cal. Labor Code § 226)**

CLASS ACTION COMPLAINT FOR DAMAGES, RESTITUTION AND OTHER RELIEF

86.     Plaintiffs incorporate each of the preceding paragraphs of the Complaint by reference as if fully set forth herein.

87.     Section 226(a) of the Cal. Labor Code requires Defendant to itemize in wage statements all deductions made from wages earned by Plaintiff and Class Members, and to accurately report total hours worked, and wages earned, by such employees. Defendant has knowingly and intentionally failed to comply with Cal. Labor Code § 226(a) on each and every wage statement that should have been provided to Plaintiff and Class Members.

88.     By failing to keep adequate records, as required by Cal. Labor Code § 226, Defendant has injured Plaintiffs and Class Members, and made it confusing and difficult to calculate the unpaid wages earned and expenditures not indemnified by Defendant (including wages, interest, and penalties thereon) due to Plaintiff and Class Members.

89.     Plaintiffs, on behalf of themselves and Class Members, seek to recover the statutory penalties provided by Cal. Labor Code § 226€ for the wage statement violations committed by Defendant.

## SEVENTH CAUSE OF ACTION
### *Waiting Time Penalties*
### (Labor Code §§ 201–203)

90.     Plaintiffs incorporate all of the preceding paragraphs of this Complaint as if fully set forth herein.

91.     Labor Code § 201 provides that all of the earned and unpaid wages of an employee who is discharged become due and payable immediately at the time of discharge.

92.     Labor Code § 202 provides that all of the earned and unpaid wages of an employee who quits become due and payable at the time of quitting if the employee gives at least 72-hours' notice before quitting, or within 72 hours of quitting if the employee gives less than 72-hours' notice before quitting.

93.     Labor Code § 203 provides that the wages of a terminated employee will continue as a penalty for up to thirty calendar days if the employer willfully fails to timely pay any earned and unpaid wages to the employee in the times set forth in Labor Code §§ 201–202.

94.     By failing to pay Plaintiffs and Class Members earned premium wages, minimum wages, and/or overtime wages, Defendants failed to timely pay Plaintiffs and Class Members all earned and unpaid wages in violation of Labor Code § 201 or § 202.

95.     Plaintiffs are informed, believes, and thereon alleges that, by failing to pay former employee Class Members earned premium wages, minimum wages, and/or overtime wages, Defendants have failed to timely pay them all earned and unpaid wages in violation of Labor Code § 201 or § 202.

96.     Plaintiffs are informed, believes and thereon alleges that, at all relevant times, Defendant's failures to pay her and former employee Class Members earned and unpaid wages in violation of Labor Code §§ 201–202 have been willful in that Defendant has had the ability to fully comply with the requirements set forth in those statutes, but has deliberately chosen to maintain policies and practices with respect to payroll that are incompatible with those requirements.

97.     Pursuant to Labor Code § 203, Plaintiffs, on behalf of themselves and former employee Class Members, seeks up to thirty days of wages as waiting time penalties in amounts subject to proof.

98.     Pursuant to Code of Civil Procedure § 1021.5, the substantial benefit doctrine, and/or the common fund doctrine, Plaintiffs, on behalf of themselves and former employee Class Members, seek awards of reasonable attorneys' fees and costs in amounts subject to proof.

## EIGHTH CAUSE OF ACTION

### *Failure to Reimburse Business Expenses*

### **(Cal. Labor Code § 2802)**

99.     Plaintiffs incorporate all of the preceding paragraphs of the Complaint as if fully set forth herein.

100.     Pursuant to Cal. Labor Code § 2802, Defendant is required to indemnify Plaintiffs

and Class Members for the expenses and losses incurred during the performance of their job duties. The purpose of this statute is to prevent employers from passing their operating expenses onto their employees. *See Gattuso v. Harte-Hanks Shoppers, Inc.* (2007) 42 Cal. 4th 554, 562.

101.    In violation of Cal. Labor Code § 2802, Defendant required Plaintiffs and Class Members to incur the following operational and necessary business expenses; (i) the cost of purchasing equipment for use by Defendant's clients; (ii) the cost of using personal computers and cell phones Defendant required Plaintiffs and Class Members to use for their work; (iii) the cost of cellular and internet service; (iv) the costs of cloud computing services; (v) the cost of parking when conducting site visits for Defendant's customers; (vi) mileage and vehicle maintenance expenses; (vii) and liability insurance. On information and belief, Plaintiff and Class Members were not reimbursed for these necessary business expenses.

102.    Plaintiffs, on behalf of herself and Class Members, seeks to recover monies for these necessary business expenses for which she and the Class Members were not reimbursed, plus interest thereon, reasonable attorneys' fees and costs, in an amount to be proven at trial.

## <u>NINTH CAUSE OF ACTION</u>

### *Unfair Competition*

### **(Cal. Labor Code § 17200 *et seq.*)**

103.    Plaintiffs incorporate each of the preceding paragraphs of this Complaint by references as if fully set forth herein.

104.    A violation of Cal. Bus. & Prof. Code §§ 17200 *et seq.* may be predicated on the violation of any state or federal law. Defendant's activities, as alleged herein, are violations of California law, and constitute unlawful business acts and practices in violation of Cal. Bus. & Prof. Code §§ 17200 *et seq.* California has an important public policy of protection the welfare of employees, and thus provides for necessary meal and rest periods and that statutorily-guaranteed wages be paid for all hours worked and for missed meal and rest periods. Defendant's willful misclassification scheme has denied Plaintiffs and Class Members mandated meal and rest periods, premium wages for missed meal and rest periods, and the legally-mandated minimum wages for all hours worked, has been, and continues to be, unfair, unlawful, and harmful to Plaintiffs, Class

1   Members, and the general public. Over and above these violations, Defendant has failed to provide

2   accurate, itemized wage statements, and failed to reimburse Plaintiffs and Class Members for costs

3   associated with performing their jobs. Plaintiffs, on behalf of herself and Class Members, seek to

4   enforce important rights affecting the public interest within the meaning of Cal. Civ. Proc. Code

5   § 1021.5.

6         105.    Defendant's misclassification scheme allows Defendant to strip Plaintiffs and Class

7   Members of their fundamental employment rights, such as the rights to minimum and overtime

8   wages, mandated meal and rest periods, premium wages for missed meal and rest periods, itemized

9   wage statements, and the prompt payment of full wages within time limits set by law, as provided

10  under various provisions of the California Labor Code and Wage Order 1-2001.

11        106.    Within its unlawful scheme, Defendant is able to unjustly keep and appropriate for

12  itself significant amounts of money that otherwise should have been paid to Plaintiffs and Class

13  Members. Defendant is also able to illegally pass on business operational costs like the cost of

14  purchasing equipment for use by Defendant's clients, the cost of using his personal computer and

15  cell phone, the cost of cellular and internet service, the cost of cloud computing services, parking,

16  mileage and vehicle maintenance expense, and liability insurance, thereby reducing wages due, in

17  violation of Cal. Labor Code § 2802. To the extent that Defendant requires to waive the benefits

18  of said statute, Defendant also violated Cal. Labor Code § 2804. Defendant's actions, left

19  unrectified, will aggregate to the impunity employers thereby enjoy and which California's labor

20  laws are meant to redress, undermining the rights of workers and the desired balance in labor

21  relations in this state.

22

23                              **PRAYER FOR RELIEF**

24        **WHEREFORE, Plaintiffs, on behalf of themselves and all others similarly-situated,**

25  **pray for relief and judgment against Defendants as follows:**

26        A.      A declaratory judgment that the actions, conduct, and practices of Defendant

27              complained of herein violated the laws of the United States and the State of California;

28        B.      An injunction and order permanently restraining Defendants from engaging in such

1    unlawful conduct;

2         C.    An order that the action be certified as a class action;

3         D.    An order that the named Plaintiff herein be appointed class representative;

4         E.    An order that counsel for Plaintiff be appointed class counsel;

5         F.    An award of damages in an amount to be determined at trial, plus prejudgment

6    interest, to compensate Plaintiffs for all monetary and/or economic hardship, including, but not

7    limited to, the loss of past and future income, wages, compensation, and other benefits of

8    employment;

9         G.    An award of damages in an amount to be determined at trial, plus prejudgment

10   interest, to compensate Plaintiffs for all non-monetary and compensatory harm;

11        H.    An award of damages for any and all other monetary and/or non-monetary losses

12   suffered by Plaintiffs in an amount to be determined at trial, plus prejudgment interest;

13        I.    An award of penalties, according to proof;

14        J.    For reimbursement of work-related expenses (Cal. Lab. Code §2802);

15        K.    That Defendant be found to have engaged in unfair competition in violation of Cal.

16   Bus. & Prof. Code § 17200, *et seq.*;

17        L.    That Defendant be ordered and enjoined to make restitution of all losses incurred

18        by the Plaintiff and Class Members, including disgorgement of wrongfully-withheld

19        wages and unreimbursed expenses pursuant to Cal. Bus. & Prof. Code §§ 17203 and

20        17204.

21        M.    For punitive damages, as allowed by law;

22        N.    For reasonable attorneys' fees, interests and costs of suit, including expert witness

23        fees;

24        O.    For such other and further relief as the Court deems just and proper.

25

26                                **<u>JURY DEMAND</u>**

27        Plaintiffs, on behalf of themselves and all other similarly situated, hereby demand a trial by

28   jury on all issues of fact and damages stated herein.

1

2                              *        *        *

3

4

5                                    Respectfully submitted,

6

7   Dated: July 27, 2020              **THE OTTINGER FIRM, P.C.**
    San Francisco, California

8

9                              BY: _____

10                                  **ROBERT OTTINGER, ESQ.**

11                                  *Attorney for Plaintiff*
                                    *Yolanda Sanchez and the Putative Class*

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CLASS ACTION COMPLAINT FOR DAMAGES, RESTITUTION AND OTHER RELIEF