Jahan C. Sagafi (SBN 224887)
OUTTEN & GOLDEN LLP
One California Street, 12th Floor
San Francisco, CA 94111
Tel: (415) 638-8800
Fax: (415) 638-8810
E-mail: jsagafi@outtengolden.com

Theanne Liu (admitted *pro hac vice*)
OUTTEN & GOLDEN LLP
685 Third Avenue, 25th Floor
New York, NY 10017
Tel: (212) 245-1000
Fax: (646) 509-2060
E-mail: tliu@outtengolden.com

Robert Ottinger (SBN 156825)
Finn Dusenbery (admitted *pro hac vice*)
THE OTTINGER FIRM, P.C.
535 Mission Street
San Francisco, CA 94133
Tel: (415) 262-0096
Fax: (212) 571-0505
E-mail: robert@ottingerlaw.com
E-mail: finn@ottingerlaw.com

*Attorneys for Plaintiffs, Proposed Class Members, and Aggrieved Employees*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| PABLO SANCHEZ, and VIOLET ALVAREZ, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>HEARST COMMUNICATIONS, INC., and DOES 1–10, inclusive,<br><br>Defendants. | Case No.  3:20-cv-05147-VC<br><br>[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE<br><br>Hearing Date: November 10, 2022<br>Time: 10:00 A.M.<br>Courtroom: 4 – 17th Floor<br>Judge: The Honorable Vince Chhabria |

WHEREAS, the above-entitled action is pending before this Court (the "Action");

WHEREAS, the parties having made application, pursuant to Federal Rule of Civil Procedure 23(e), for an order approving the settlement of this Action, in accordance with the Agreement and Release dated December 1, 2022 (the "Agreement"), which, together with the exhibits annexed thereto, sets forth the terms and conditions for a proposed settlement of the Action and for dismissal of the entire Action with prejudice upon the terms and conditions set forth therein; and the Court having read and considered the Agreement and the exhibits annexed thereto;

WHEREAS, all defined terms herein have the same meanings as set forth in the Agreement;

WHEREAS, on December 15, 2022, a hearing was held on the motion of Plaintiffs to (1) conditionally certify the Settlement Class; (2) preliminarily approve the parties' proposed class action settlement; (3) appoint Plaintiffs Pablo Sanchez and Violet Alvarez as Class Representatives, their counsel as Class counsel, and ILYM Group, Inc. as Settlement Administrator; (4) set the deadlines for filing written exclusions or objections to the Agreement; (5) approve the forms of notice to the Settlement Class and the claim form; and (6) schedule a hearing on the final approval of the Agreement for April 13, 2023 (the "Preliminary Approval Motion").

NOW, THEREFORE, IT IS HEREBY ORDERED:

1.      **Nature of Action.** Plaintiffs allege that Defendant Hearst Communications, Inc. ("Hearst" or "Defendant") misclassified Plaintiffs and Settlement Class Members as independent contractors, triggering derivative Labor Code violations, including by failing to compensate Settlement Class Members for all hours worked, failing to compensate piece rate employees for rest and recovery periods and other non-productive time, failure to provide Settlement Class Members with meal periods and rest periods, failure to provide Settlement Class Members with minimum and overtime wages, failing to maintain accurate and complete employment records, failure to provide Settlement Class Members with accurate, itemized wage statements, failure to reimburse Settlement Class Members for business expenses, and failure to timely pay all wage earned.  Plaintiffs allege that these acts also violate the California Unfair Competition Law.  In addition, Plaintiff Sanchez also seeks PAGA penalties on behalf of himself and other aggrieved employees for resulting PAGA violations.

Hearst disputes and denies all of Plaintiffs' claims and denies that this matter may be certified as a class or representative action under either Rule 23 or PAGA for purposes of trial. Hearst also contends that it has fully complied with all applicable laws at issue in this matter. The Court has not rendered an opinion on the merits of any of Plaintiffs' claims.

2. **Settlement.** Plaintiffs Pablo Sanchez and Violet Alvarez ("Plaintiffs"), individually and as class representatives on behalf of the Class, and Hearst (collectively the "Parties") have negotiated a potential settlement to the Action to avoid the expense, uncertainties, and burden of protracted litigation, and to resolve the Released Claims (as defined in the Agreement) against Hearst and the Releasees.

**Review.** At the preliminary approval stage, "district courts should review class action settlements just as carefully . . . as they do at the final stage." *Cotter v. Lyft, Inc.*, 193 F. Supp. 3d 1030, 1036-37 (N.D. Cal. 2016); *see also Hunt v. VEP Healthcare, Inc.*, No. 16-cv-04790-VC, 2017 U.S. Dist. LEXIS 139700 (N.D. Cal. Aug. 22, 2017); *Eddings v. DS Services of America, Inc.*, No. 15-cv-02576-VC, 2016 U.S. Dist. LEXIS 84151 (N.D. Cal. May 20, 2016).

"The criteria for class certification are applied differently in litigation classes and settlement classes. In deciding whether to certify a litigation class, a district court must be concerned with manageability at trial. However, such manageability is not a concern in certifying a settlement class where, by definition, there will be no trial." *In re Hyundai & Kia Fuel Econ. Litig.*, 926 F.3d 539, 556–57 (9th Cir. 2019). In deciding whether to certify a litigation class, a district court must be concerned with manageability at trial. However, such manageability is not a concern in certifying a settlement class where, by definition, there will be no trial."). Indeed, courts approve settlement classes even after class certification was denied for trial purposes. *See, e.g., Romero v. Securus Technology, Inc.*, 16-cv-1283 JM (MDD), 2020 U.S. Dist. LEXIS 104857, at *4-5, *21-22 (S.D. Cal. June 16, 2020); *Pena v. Taylor Farms Pac., Inc.*, 2:13-cv-01282-KJM-AC, 2020 U.S. Dist. LEXIS 205468, at *2-3, *24 (E.D. Cal. Nov. 2, 2020).

The inquiry at preliminary approval "should be whether the settlement is 'fair, reasonable, and adequate.'" *Id.*; *see also Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998). When

considering whether to grant approval, courts often "put a good deal of stock in the product of an arms-length, non-collusive, negotiated resolution." *Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948, 965 (9th Cir. 2009). Courts may also assess the following factors, which are assessed in greater detail at final approval. These factors are: "the strength of the plaintiffs' case," "the risk, expense, complexity, and likely duration of further litigation," "the risk of maintaining class action status throughout the trial," "the amount offered in settlement," "the extent of discovery completed and the stage of the proceedings," "the experience and views of counsel," "the presence of a governmental participant," and "the reaction of the Settlement Class Members to the proposed settlement." *Hanlon*, 150 F.3d at 1026. PAGA settlements are reviewed under a comparable standard. The LWDA has provided guidance for PAGA settlement approval, mirroring the standard for evaluating class action settlements. *See O'Connor v. Uber Techs., Inc.*, 201 F. Supp. 3d 1110, 1134-35 (N.D. Cal. 2016); *see also Moniz v. Adecco USA, Inc.*, 72 Cal. App. 5th 56, 77 (2021) ("a trial court should evaluate a PAGA settlement to determine whether it is fair, reasonable, and adequate in view of PAGA's purposes to remediate present labor law violations, deter future ones, and to maximize enforcement of state labor laws."). Courts must also evaluate these factors "'in light of PAGA's public policy goals' of 'benefitting the public by augmenting the state's enforcement capabilities, encouraging compliance with Labor Code provisions, and deterring noncompliance.'" *Basiliali v. Allegiant Air, LLC*, 18-cv-3888, 2019 U.S. Dist. LEXIS 228250, at *8 (C.D. Cal. July 1, 2019) (quoting *Patel v. Nike Retail Servs., Inc.*, 14-cv-4781, 2019 U.S. Dist. LEXIS 77988, at *6 (N.D. Cal. May 8, 2019)).

The Court has carefully reviewed the Agreement, including the plan of allocation and the release of claims, as well as the files, records, and proceedings to date in the Action. The Court has also reviewed the declarations of Jahan C. Sagafi and Robert Ottinger in support of preliminary approval. The terms and conditions in the Agreement are hereby incorporated as though fully set forth in this Order, and, unless otherwise indicated, capitalized terms in this Order shall have the meanings attributed to them in the Agreement.

3.      **Jurisdiction.** This Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all Settlement Class Members, and venue in this Court is proper.

4.       **Preliminary Approval.** Based on the review the Court has conducted, as set forth in paragraph 2, the Court does hereby preliminarily approve the Agreement and the Settlement set forth therein as fair, reasonable, and adequate, subject to further consideration at the Final Approval Hearing described below. The Court finds on a preliminary basis that the Settlement as set forth in the Agreement falls within the range of reasonableness and was the product of informed, good-faith, arms'-length negotiations between the Parties and their counsel, and therefore meets the requirements for preliminary approval. The Court finds and concludes that the assistance of an experienced, unbiased mediator in the settlement process supports the finding that the Settlement is non-collusive.

5.       **Settlement Class.** The Court conditionally certifies, for settlement purposes only (and for no other purpose and with no other effect upon the Action, including no effect upon the Action should the Agreement not receive Final Approval or should the Effective Date not occur), a class defined as follows:

> All persons who have entered into written contracts with Hearst solely pursuant to a home delivery agreement in the State of California regarding distribution of newspapers, including, but not limited to, the San Francisco Chronicle, at any time from July 27, 2016, through the date of the Preliminary Approval Order entered by the Court, and who do not submit a timely and valid Opt Out.

The Court finds, for settlement purposes only, that class certification under Fed. R. Civ. P. 23(a) and (b)(3) is appropriate in that, in the settlement context: (a) the Settlement Class Members are so numerous that joinder of all Settlement Class Members in the class action is impracticable; (b) there are questions of law and fact common to each Class which predominate over any individual question; (c) the claims of the Class Representatives are typical of the claims of each Class; (d) the Class Representatives will fairly and adequately represent and protect the interests of the Settlement Class Members because their interests are co-extensive with those of the Settlement Class Members, and they have retained experienced counsel to represent them and the Settlement Class Members; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

6.       **Designation of Class Representatives and Class Counsel.** The Court finds and concludes that Plaintiffs Pablo Sanchez and Violet Alvarez have claims typical of and are adequate

representatives of the members of the Class they propose to represent.  The Court hereby appoints Pablo Sanchez and Violet Alvarez to serve as Class Representatives for the Class.  The Court finds and concludes that Outten & Golden LLP and the Ottinger Firm, P.C. have extensive experience and expertise in prosecuting wage and hour class actions, including misclassification claims.  The Court hereby appoints Outten & Golden LLP and The Ottinger Firm, P.C. jointly as Class Counsel.

7. **Final Approval Hearing.** A hearing (the "Final Approval Hearing") shall be held before this Court, on April 20, 2023 at 10am via Zoom to determine, among other things: (i) whether the proposed Settlement of the Action on the terms and conditions provided for in the Agreement is fair, reasonable, and adequate to the Class and should be approved by the Court; (ii) whether a Final Judgment as provided in Paragraph 1.15 of the Agreement should be entered; (iii) whether Settlement Class Members should be bound by the Release set forth in the Agreement; (iv) any amount of fees and costs that should be awarded to Class Counsel and any award to the Plaintiffs for their representation of and service to the Class; (vi) to consider any Settlement Class Member's objections to the Settlement and/or any application by Class Counsel for payment or reimbursement of attorneys' fees, costs, and expenses and any application for an award to the Class Representatives; and (vii) to rule upon such other matters as the Court may deem appropriate.  The Parties shall include the date of the Final Approval Hearing in the Notice to be mailed and e-mailed to the Settlement Class.

8. **Class Notice.**  The Court approves the form, substance and requirements of the Notice of Settlement (the "Notice") annexed to the Agreement as Exhibit 1.  The Court further finds that the form, content and mailing of the Notice, substantially in the manner and form set forth in Paragraph 9 of this Order, meets the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process.  The Notice follows the model forms supplied by the Federal Judicial Center and the Northern District of California's Procedural Guidance for Class Action Settlements, and it fairly, plainly, accurately, and reasonably informs potential Settlement Class Members of (1) the nature of the Action; (2) the Settlement Class definition, (3) the Release, (4) the procedures governing approval of the

settlement, (5) how to opt out or object, (6) the date for the final approval hearing, and (7) how to contact the Administrator and/or Class Counsel for assistance.  The Notice is written in plain language and is organized and formatted as clearly as possible.  The Notice provides a link to the settlement website maintained by the Settlement Administrator, as well as Class Counsel's and the Settlement Administrator's telephone, mail, e-mail, and web contact information.   The Notice also includes release language that clearly states that the Settlement Class are releasing claims based only on the identical factual predicate of the Complaint.

The Court further finds and concludes that the proposed plan for distributing the Notice likewise is a reasonable method calculated to reach all 57 Settlement Class Members, who would be bound by the Settlement.  Under this plan, the Settlement Administrator will distribute the Notice to all individuals on the Notice List (Exhibit 2 to the Agreement) by First Class U.S. Mail and e-mail to their last known mailing and e-mail address, where the e-mail address is readily available.

The Court hereby concludes that the proposed Notice and Notice plan are the best practicable under the circumstances and are reasonably calculated, under all the circumstances, to apprise potential Settlement Class Members of the pendency of the Action, to apprise persons who would otherwise fall within the definition of the Class of their right to exclude themselves from the proposed Class, and to apprise Settlement Class Members of their right to object to the proposed Settlement and their right to appear at the Final Approval Hearing.  The Court further finds that the Notice constitutes due and sufficient notice to all persons entitled thereto.

9. **Settlement Administrator.** Pursuant to Rule 53(c) of the Federal Rules of Civil Procedure, the Court appoints ILYM Group, Inc. ("Settlement Administrator") to supervise and administer the notice procedure as more fully set forth below:

(a) No later than fifty-one (51) days from the entry of this Order (the "Notice Mailing Date"), the Settlement Administrator shall cause a copy of the Notice, substantially in the form annexed as Exhibit 1 to the Agreement (though the Settlement Administrator shall have discretion to format the Notice in a reasonable manner to minimize mailing or administration costs), to be mailed by

first class U.S. mail and e-mailed (to the extent e-mail is readily available) to the last known mailing address and e-mail address of each individual on the Notice List;

   (b) Any mailing returned to the Settlement Administrator as undeliverable shall be sent within five (5) calendar days via First Class U.S. Mail to the forwarding address affixed thereto. If no forwarding address is provided, the Settlement Administrator shall attempt to determine the correct address using a computer-based skip-trace search, and it shall then perform a single re-mailing via First Class U.S. Mail within five calendar days

   (c) Following the mailing and e-mailing of the Notice, the Settlement Administrator shall provide counsel with a declaration of the Settlement Administrator's due diligence and proof of mailing the Notice of Settlement, which counsel shall in turn provide to the Court;

   (d) The Settlement Administrator shall otherwise carry out its duties as set forth in Section 3 of the Agreement.

  10. **Exclusion from the Settlement Class.**  Any Settlement Class Member may, upon request, be excluded from the Settlement Class. Any such Settlement Class Member must submit an Opt Out, received or postmarked no later than forty-five (45) days of the initial distribution of the Notice. The Opt Out must be sent to the Settlement Administrator. To be valid, the Settlement Class Member must submit a letter to the Settlement Administrator by fax or mail and the letter must: (1) contain the Settlement Class Member's name and contact information (e.g., address, e-mail address, telephone number) and (2) clearly state that the Settlement Class Member does not wish to be included in the Settlement. A Class Member who desires to opt out must take timely affirmative written action pursuant to this Order and the Agreement.

  11. **Binding Effect on Settlement Class.**  All Settlement Class Members who do not exclude themselves from the Settlement Class by properly and timely submitting an Opt Out shall be bound by all determinations and judgments in the Action concerning the Settlement, whether favorable or unfavorable to the Settlement Class.

  12. **Objections.**  Any Settlement Class Member who does opt out from the Class Settlement shall be entitled to object to the terms of the Class Settlement, and only to the class action portion of the

Settlement.  An objection must be submitted no later than forty-five (45) days of the initial distribution of the Notice.  Any objections must contain: (1) the objector's full name, address, and telephone number; (2) a written statement of all specific grounds for the objection (including whether it applies only to the objector, to a specific subset of the class, or to the entire class); and (3) a statement regarding whether the objector intends to appear at the final approval hearing.  All written comments and objections and supporting papers must also (a) clearly identify the case name and number (as *Sanchez, et al., v. Hearst Communications, Inc.*, Case No. 3:20-cv-05147-VC); (b) be submitted to the Court either by mailing them to the Class Action Clerk, United States District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, CA 94102, or by filing them in person at any location of the United States District Court for the Northern District of California; and (c) be filed or postmarked on or before the deadline for submitting an objection, forty-five (45) days of the initial distribution of the Notice.  This deadline for submitting a written objection may be excused on a showing of good cause.  Further, substantial compliance with the requirements herein is sufficient to file an objection.

13. **Waiver of Objection Rights.**  Settlement Class Members who both fail to make objections in a manner that substantially complies with the specifications of the Notice and fail to make a good cause showing for such failure shall be deemed to have waived any objections and shall be foreclosed from objecting to the Settlement and seeking any adjudication or review of the Settlement, by appeal or otherwise.

14. **Appearance of Objectors at Final Approval Hearing.** Any Settlement Class Member who substantially complies with the Notice's and Court's requirements or makes a showing of good cause for their failure to do so may appear, in person or by counsel, at the Final Approval Hearing held by the Court.  In other words, an objector may appear in Court to object to the Settlement without filing a written objection, upon a showing of good cause.

15. **Defendant's Right to Withdraw.**  Defendant has the right, at its sole option, within 15 calendar days after expiration of the period for submitting an Opt-Out, to withdraw from this Settlement or Agreement, if more than two Settlement Class Members submit a timely and valid Opt-Out.  If

Defendant exercises this option to withdraw, a written notice of such withdrawal and the grounds therefore shall be delivered to Class Counsel within five days after the close of the 15-day window, and Defendant will be responsible for all Settlement Administration Costs incurred by the Settlement Administrator.

16. **Service of Motion for Final Approval.** The motion in support of final approval of the Settlement shall be filed and served no later than fourteen (14) calendar days prior to the Final Approval Hearing and any responsive papers shall be filed and served no later than seven (7) calendar days prior to the Final Approval Hearing.

17. **Fees, Costs, and Awards.** Class Counsel's application for Attorneys' Fees and Costs shall be filed and served at least fourteen (14) calendar days prior to the deadline for Opt-Outs and objections.  At or after the Final Approval Hearing, the Court shall determine whether any application for Attorneys' Fees and Costs, and any award to the Plaintiffs for their service to the Class, should be approved.

18. **Releases.** If the Settlement is finally approved, the Releasors shall release the Releasees from all Released Claims, as set forth in paragraph 6 and its subparts of the Agreement.

19. **Continuance of Final Approval Hearing.**  The Court reserves the right to continue the date of the Final Approval Hearing without further notice to the Settlement Class Members, and retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement. The Court may approve the Settlement, with such modifications as may be agreed to by the Parties, if appropriate, without further notice to the Class.

20. **Stay of Proceedings.**  All proceedings in this Action are stayed until further Order of this Court, except as may be necessary to implement the Settlement or comply with the terms of the Agreement.

21. **Authority.**  The Court hereby authorizes the Parties to take such further steps as necessary and appropriate to establish the means necessary to implement the terms of the Agreement.

22. **Jurisdiction.** This Court retains jurisdiction over the implementation of the Agreement as well as any and all matters arising out of, or related to, the implementation of this Agreement and Settlement.

IT IS SO ORDERED.

DATED: December 19, 2022

_____
THE HONORABLE VINCE CHHABRIA
UNITED STATES DISTRICT JUDGE