Jahan C. Sagafi (SBN 224887)
OUTTEN & GOLDEN LLP
One California Street, 12th Floor
San Francisco, CA 94111
Tel: (415) 638-8800
Fax: (415) 638-8810
E-mail: jsagafi@outtengolden.com

Theanne Liu (admitted *pro hac vice*)
OUTTEN & GOLDEN LLP
685 Third Avenue, 25th Floor
New York, NY 10017
Tel: (212) 245-1000
Fax: (646) 509-2060
E-mail: tliu@outtengolden.com

Robert Ottinger (SBN 156825)
Finn Dusenbery (admitted *pro hac vice*)
THE OTTINGER FIRM, P.C.
535 Mission Street
San Francisco, CA 94133
Tel: (415) 262-0096
Fax: (212) 571-0505
E-mail: robert@ottingerlaw.com
E-mail: finn@ottingerlaw.com

*Attorneys for Plaintiffs, Proposed Class Members, and Aggrieved Employees*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PABLO SANCHEZ, and VIOLET ALVAREZ, individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>  v.<br><br>HEARST COMMUNICATIONS, INC., and DOES 1–10, inclusive,<br><br>    Defendants. | Case No.   3:20-cv-05147-VC<br><br>**NOTICE OF MOTION AND UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS ACTION AND PAGA SETTLEMENT**<br><br>Hearing Date: April 20, 2023<br>Time:         10:00 A.M.<br>Courtroom:    4 – 17th Floor<br>Judge:        The Honorable Vince Chhabria |

## **TABLE OF CONTENTS**

NOTICE OF MOTION ..................................................................................................................... 1

MEMORANDUM IN SUPPORT OF UNOPPOSED MOTION ...................................................... 2

    I.    INTRODUCTION ................................................................................................... 2

    II.    RELEVANT BACKGROUND ............................................................................... 3

        A.    The Court Preliminarily Approved the Settlement. ................................... 3

    III.    THE PROPOSED SETTLEMENT ......................................................................... 4

        A.    Settlement Overview .................................................................................. 4

        B.    The Notice and Claims Process ................................................................. 5

            1.    The Distribution of Notices Was Successful and Complied with the Court's Order. ..................................................................... 5

            2.    Class Members Reacted Positively to the Settlement. .............................. 6

            3.    The Parties Complied with Their Notice Obligations Under CAFA and PAGA. ......................................................................................... 6

    IV.    ARGUMENT ........................................................................................................... 6

        A.    The Best Practicable Notice of Settlement Has Been Provided to the Class. 6

        B.    Final Approval of the Class Action Settlement Should Be Granted Because the Settlement Is Fair, Adequate, and Reasonable. ....................... 7

        C.    The LWDA Has Been Adequately Notified of the Settlement of the PAGA Claim. ........................................................................................................ 9

        D.    The Court Should Certify the Class as Final. ............................................ 9

    V.    PLAINTIFFS ADDRESS THE COURT'S STANDING ORDER RE WITHHOLDING ATTORNEYS' FEES UNTIL THE POST-DISTRIBUTION ACCOUNTING IS FILED. ................................................................................... 9

    VI.    CONCLUSION ..................................................................................................... 10

**NOTICE OF MOTION**

TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT on April 20, 2023 at 10:00 A.M., or as soon thereafter as counsel may be heard, in Courtroom 4 of this Court, located at 450 Golden Gate Avenue, 17th Floor, San Francisco, California 94102, before the Honorable Vince Chhabria, Plaintiffs Pablo Sanchez and Violet Alvarez, hereby do and will move the Court to: finally approve the Settlement Agreement between the Plaintiffs and Defendant Hearst Communications, Inc. settling all claims relating to Defendant's alleged misclassification of Plaintiffs and proposed Class Members and Aggrieved Individuals as independent contractors.

This Motion is noticed to be heard with Plaintiffs' previously filed Motion for Award of Attorneys' Fees, Costs, and Service Awards (ECF No. 127). The Court preliminary approved the Settlement Agreement on December 19, 2022 (ECF No. 126). Since then, Notice was provided to the Settlement Class Members. Only one Class Member opted out of the settlement and no Settlement Class Member has objected.

This Motion is based upon this Notice of Motion for Final Approval of Class Action and PAGA Settlement and the following Memorandum; the accompanying Declaration of Jahan C. Sagafi; the Declaration of Karen Hernandez of Settlement Administrator ILYM Group, Inc., in Support of Motion for Final Approval of Class Action and PAGA Settlement ("ILYM Decl."); any oral argument of counsel; the complete files, records, and pleadings in the above-captioned matter; and such additional matters as the Court may consider. A Proposed Order and Proposed Judgment is submitted herewith.

**MEMORANDUM IN SUPPORT OF UNOPPOSED MOTION**

I. **INTRODUCTION**

Plaintiffs Pablo Sanchez and Violet Alvarez respectfully seek final approval of the $950,000 common fund settlement of this class and representative action on behalf of the class of 56 individuals,[1] as set forth in the parties' Class Action and PAGA Settlement Agreement and Release of Claims ("Settlement Agreement"), attached as Exhibit A to the Declaration of Jahan C. Sagafi submitted in support of preliminary approval, ECF No. 123-1. The settlement will resolve wage and hour claims relating to Defendant Hearst Communications, Inc.'s ("Hearst" or "Defendant") alleged misclassification of Plaintiffs and proposed Class Members and Aggrieved Individuals as independent contractors under *S.G. Borello & Sons, Inc. v. Dep't of Indus. Relations*, 48 Cal. 3d 341 (Cal. 1989).[2] The Settlement is inclusive of attorneys' fees and costs, settlement administration costs, Class Representative Service Payments to the named Plaintiffs, and the Private Attorneys' General Act ("PAGA") Fund.

On December 19, 2022, the Court granted preliminary approval. ECF No. 126 ("Preliminary Approval Order" or "PAO"). Since then, the Settlement Administrator has distributed notice to the Settlement Class Members. Declaration of Karen Hernandez of Settlement Administrator ILYM Group, Inc., in Support of Motion for Final Approval of Class Action and PAGA Settlement ("ILYM Decl.") ¶ 7. Only one Class Member, who already had an individual misclassification lawsuit pending against Hearst before the Court granted preliminary approval, has opted out. *Id.* ¶ 11; Sagafi Decl. ¶ 5. No

---

[1] After the Court granted preliminary approval, Hearst discovered that the class comprises 56 individuals (not 57, as the parties had earlier believed). Declaration of Jahan C. Sagafi in Support of Plaintiffs' Unopposed Motion for Final Approval ("Sagafi Decl.") ¶ 4; ILYM Decl. ¶ 5.

[2] The ABC Test under *Dynamex Operations W. v. Super. Ct.*, 4 Cal. 5th 903 (Cal. 2018) does not apply to this case, because newspaper distributors are exempt from California Assembly Bills 5 and 2257. *See also* ECF No. 103 (Order Denying Class Certification) ("All agree that the question whether Hearst misclassified Sanchez and Alvarez turns on an application of California's *Borello* test.").

Class Member has objected. ILYM Decl. ¶ 13. This positive reaction strongly supports settlement approval. As discussed below, Settlement Class Members will receive an average pre-tax award of over $9,280. ILYM Decl. ¶ 15.

When the benefits of a significant, timely, certain settlement payment are weighed against the risks of continued, protracted litigation, including a potential second defeat at class certification or on the merits, the fairness, adequacy, and reasonableness of the proposed settlement are apparent. For these reasons, and as outlined in Plaintiffs' preliminary approval and fee briefing, Plaintiffs respectfully request that the Court grant final approval.

## II.   RELEVANT BACKGROUND

### A.   The Court Preliminarily Approved the Settlement.[3]

In its PAO, the Court, among other things: (1) approved distribution of class notices; (2) set a 45-day period for Class Members to opt out or object to the settlement; (3) set a deadline (prior to the opt-out/objection deadline) for the filing of Plaintiffs' motion for attorneys' fees and costs; and (4) scheduled the final approval hearing for April 20, 2023, at 10 a.m. via Zoom. ECF No. 126 (PAO) ¶¶ 7, 8, 10, and 17. The Court preliminarily determined that the Settlement appeared to be fair, reasonable, and adequate. *Id.* ¶ 4.

The Court also conditionally certified the Settlement Class under Federal Rule of Civil Procedure 23(a) & (b), finding: (a) the Class is sufficiently numerous; (b) there are questions of law and fact common to the Class which predominate over any individual question; (c) the claims of the Class Representatives are typical of the claims of the Class; (d) the Class Representatives will fairly and adequately represent and protect the interests of the Settlement Class Members because their interests are co-extensive with those of the Settlement Class Members, and they have retained experienced

---

[3]   A full discussion of factual and procedural background is set forth in Plaintiffs' Motion for Preliminary Approval. ECF No. 114 at 3-5.

counsel to represent them and the Settlement Class Members; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy. *Id.* ¶ 5.

## III. THE PROPOSED SETTLEMENT

### A. Settlement Overview[4]

The proposed Settlement Class comprises 56 Settlement Class Members.[5] Sagafi Decl. ¶ 4. The Settlement Class is defined as:

> All persons who have entered into written contracts with Hearst solely pursuant to a home delivery agreement in the State of California regarding newspapers, including, but not limited to, the San Francisco Chronicle, at any time from July 27, 2016, through the date of the Preliminary Approval Order entered by the Court, and who do not submit a timely and valid Opt Out.

Settlement Agreement ¶ 1.4.

The $950,000 non-reversionary Gross Settlement Amount covers (a) Settlement Class Member payments; (b) $30,000 for PAGA penalties, 75% of which will be paid to the California Labor and Workforce Development Agency ("LWDA") and 25% paid to Aggrieved Individuals, consistent with PAGA; (c) two Class Representative Service Awards of up to $15,000 each; (d) Class Counsel's attorneys' fees not to exceed 35% of the Settlement Amount ($332,500); (e) litigation costs up to $40,000; and (f) settlement administration costs not expected to exceed $6,750. Settlement Agreement ¶ 1.16. The Net Settlement Amount (the amount to be paid to Class Members for non-PAGA claims) is $510,750, defined as the Gross Settlement Amount minus items (b) through (f). *Id.* ¶ 1.19; ILYM Decl. ¶ 15. To the extent that any monies are undeliverable, the parties have agreed to allocate the residue to the East Bay Community Law Center ("EBCLC"). Settlement Agreement ¶¶ 1.10; 5.10.

---

[4] A thorough summary of the terms of the Settlement is set forth in Plaintiffs' Motion for Preliminary Approval, ECF No. 114 at 5-10.

[5] The use of capitalized terms in this Memorandum is consistent with those used in the Settlement Agreement and are defined therein. *See* Settlement Agreement, ECF No. 123-1.

Each Settlement Class Member's Individual Class Payment will be calculated in proportion to the total compensation paid by Hearst during the Class Period. *Id.* ¶ 1.17. Settlement Class Members who have not opted out will automatically receive their Individual Class Payment without submitting a Claim Form. *Id.* ¶¶ 1.17, 5.9. Similarly, each Aggrieved Individuals' Individual PAGA Payment will be calculated in proportion to the total number of Pay Periods under contract with Hearst during the PAGA Period. *Id.* ¶ 1.18. The average pre-tax Individual Class Payment is $9,286.36, and the average pre-tax Individual PAGA Payment is $258.62. ILYM Decl. ¶ 15.

The Release includes all claims that were or could have been asserted in the operative complaint that are based on or arise out of the facts alleged in the operative complaint. Settlement Agreement ¶ 6.1. In addition, Plaintiffs, as Class Representatives, will generally release all claims, except those that as a matter of law, may not be released. *Id.* ¶ 6.2.

 **B.** **The Notice and Claims Process**

  **1.** **The Distribution of Notices Was Successful and Complied with the Court's Order.**

The parties have followed the Court-approved notice plan, as set forth in the Settlement and PAO. Settlement Agreement ¶¶ 3.1-3.6; ECF No. 126 (PAO) ¶ 8. On January 18, 2023, Settlement Administrator ILYM Group, Inc. ("ILYM") received the class list, including names, addresses, social security numbers, and other information for the Settlement Class Members. ILYM Decl. ¶ 5. ILYM processed the Settlement Class Member addresses through the National Change of Address database. *Id*. ¶ 6. On February 8, 2023, ILYM mailed notices to the last known addresses of the Settlement Class Members. *Id*. ¶ 7. ILYM also sent notices by email to 39 Settlement Class Members for whom email addresses were available. *Id.*

Of the 56 Notice Packets mailed, five were returned undeliverable. ILYM Decl. ¶ 8. ILYM found new addresses for two of the Settlement Class Members and remailed their notices to them. *Id*. ¶¶

8-9. Of the three Settlement Class Members with undeliverable notices, two of them received notices by email. *Id.* ¶ 11. Only one individual did not receive notice by mail or email. *Id.*

The Court-approved Notice fairly and clearly described the following: the nature of the Action, the Class definition, the Release, the procedures governing approval, how to opt out or object of the settlement, the date for the final approval hearing, and how to contact the Administrator and/or Class Counsel for assistance. *See* ILYM Decl. Ex. A (Notice).

### 2. Class Members Reacted Positively to the Settlement.

The reaction of the Class has been overwhelmingly positive, and strongly supports the conclusion that the Settlement is fair, adequate, and reasonable. Only one member of the proposed Settlement Class, Manuel Reyes, opted-out of the Settlement. Sagafi Decl. ¶ 5; ILYM Decl. ¶ 12. Plaintiffs' Counsel has been in communication with Mr. Reyes's counsel and understood before the Court preliminarily approved the settlement that Mr. Reyes opted out so that he can continue his individual litigation against Defendant. Sagafi Decl. ¶ 5. No Class Member has objected. ILYM Decl. ¶ 13.

### 3. The Parties Complied with Their Notice Obligations Under CAFA and PAGA.

Defendant confirmed that it provided notice as required by the Class Action Fairness Act, 28 U.S.C. § 1715, on December 6, 2022. Sagafi Decl. ¶ 6. Plaintiffs notified the LWDA of the proposed settlement of Plaintiffs' PAGA claim on December 19, 2022. Sagafi Decl. ¶ 7.

## IV. ARGUMENT

### A. The Best Practicable Notice of Settlement Has Been Provided to the Class.

The notice here was the "best notice that is practicable under the circumstances," Fed. R. Civ. P. 23(c)(2)(B), and was provided "in a reasonable manner to all class members who would be bound by the proposal." Fed. R. Civ. P. 23(e)(1)(B). Notice is satisfactory "if it generally describes the terms of the

settlement in sufficient detail to alert those with adverse viewpoints to investigate and to come forward and be heard." *Churchill Village, L.L.C. v. Gen. Elec.*, 361 F.3d 566, 575 (9th Cir. 2004) (internal citation and quotation marks omitted). Notice mailed to each class member "who can be identified through reasonable effort" constitutes reasonable notice. *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 176 (1974). For any class certified under Rule 23(b)(3), the notice must inform class members "that the court will exclude from the class any member who requests exclusion," stating "the time and manner for requesting exclusion." Fed. R. Civ. P. 23(c)(2)(B)(v)-(vi).

As described above, the mailing and emailing of Notices to Settlement Class Members and the administration of the notice process ensured that the best notice practicable was sent to Class Members, as due process requires. The parties and the Settlement Administrator have complied with the notice procedures of the Settlement, which the Court endorsed in its Preliminary Approval Order. ECF No. 126 (PAO) ¶ 8. Because Settlement Class Members have been given a full and fair opportunity to consider the terms of the proposed Settlement Agreement and to make an informed decision on whether to participate, the Court should find that the notice was adequate for the purposes of satisfying due process. *See Ford v. CEC Entm't Inc.*, No. 14 Civ. 677, 2015 U.S. Dist. LEXIS 191966, at *21 (S.D. Cal. Dec. 14, 2015) (finding notice standards satisfied when claims administrator provided notice in accordance with the procedures previously approved by the court in its preliminary approval order).

   **B.**  **Final Approval of the Class Action Settlement Should Be Granted Because the Settlement Is Fair, Adequate, and Reasonable.**

Class action settlement agreements must be fair, adequate, and reasonable. Fed. R. Civ. P 23(e)(2). The Court has already preliminarily approved the settlement; at the second, final approval stage, the Court entertains any objections to the settlement or treatment of the litigation as a class action.

*Ontiveros v. Zamora*, 303 F.R.D. 356, 363 (E.D. Cal. 2014) (citing *Diaz v. Tr. Territory of Pac. Islands*, 876 F.2d 1401, 1408 (9th Cir. 1989)).

"Assessing a settlement proposal requires [a] court to balance a number of factors." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998). These factors include: "the strength of the plaintiffs' case," "the risk, expense, complexity, and likely duration of further litigation," "the risk of maintaining class action status throughout the trial," "the amount offered in settlement," "the extent of discovery completed and the stage of the proceedings," "the experience and views of counsel," "the presence of a governmental participant," and "the reaction of the class members to the proposed settlement." *Id.* Plaintiffs discussed the first six of these factors at length in the Motion for Preliminary Approval, ECF No. 114 at 13-20, and the Court found in the PAO that the settlement was "fair, reasonable, and adequate." ECF No. 126 (PAO) ¶ 4.

As to the last factor, the reaction from the Settlement Class Members has been positive. The Ninth Circuit and other federal courts have made clear that the number or percentage of class members who object to or opt out of the settlement is a factor of great significance. *See Mandujano v. Basic Vegetable Prods., Inc.*, 541 F.2d 832, 837 (9th Cir. 1976); *Cmty. Res. for Indep. Living v. Mobility Works of Cal., LLC,* 533 F. Supp. 3d 881, 889-90 (N.D. Cal. 2020) ("The absence of a negative reaction weighs in favor of approval.") (citing *Chun-Hoon v. McKee Foods Corp.*, 716 F. Supp. 2d 848, 852 (N.D. Cal. 2010) (internal quotation marks omitted)); *Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523, 529 (C.D. Cal. 2004) ("It is established that the absence of a large number of objections to a proposed class action settlement raises a strong presumption that the terms of a proposed class settlement action are favorable to the class members."). Here, only one Class Member (2% of the total Class) has opted out, and that is because he already has a pending individual lawsuit against Hearst. Sagafi Decl. ¶ 5; *see* ILYM Decl. ¶ 12. No Class Members have objected. ILYM Decl. ¶ 13. The lack of objections and lone opt-out reflect a strong positive reaction, supporting a finding that the settlement

is fair and should be finally approved. *See Munoz v. BCI Coca-Cola Bottling Co. of Los Angeles*, 112 Cal. Rptr. 3d 324, 333-35 (Cal. Ct. App. 2010) (affirming final approval and finding reaction to class favorable even where there were two opt-outs and one objection).

### C. The LWDA Has Been Adequately Notified of the Settlement of the PAGA Claim.

The LWDA must be notified of any proposed settlement of PAGA claims, to give it a chance to object. Cal. Lab. Code § 2699(e)(l)(2) & (3). Plaintiffs timely notified the LWDA of the proposed settlement and will upload any judgment from this Court approving the settlement via the LWDA's online portal. Sagafi Decl. ¶ 7.

### D. The Court Should Certify the Class as Final.

The PAO provisionally certified the Settlement Class pursuant to Rule 23(a) and (b)(3). ECF No. 126 (PAO) ¶ 5. The Court ruled that, for the purposes of settlement, the Class meets Rule 23's requirements. *Id*. The Court also appointed both Plaintiffs as Class Representatives and Plaintiffs' counsel as Class Counsel. *Id.* ¶ 6. The Settlement has drawn a favorable response from the Class. For these reasons, and the reasons set forth in Plaintiff's Preliminary Approval Motion and this motion, Class Counsel respectfully submit that a final certification designation for the purposes of settlement is appropriate, including appointment of the Class Representatives and Class Counsel.

## V. PLAINTIFFS ADDRESS THE COURT'S STANDING ORDER RE WITHHOLDING ATTORNEYS' FEES UNTIL THE POST-DISTRIBUTION ACCOUNTING IS FILED.

The proposed final approval order provides a blank space in which the Court can determine how much attorneys' fees to withhold until the Post-Distribution Accounting is filed, per the Court's standing order. *Id.* at 17. Plaintiffs respectfully submit that, in light of their Counsel's substantial experience diligently discharging their duties as class counsel in countless class settlements over the past two decades in this District and throughout the country, withholding of fees would have no impact on their discharging their duties to the class members and the Court. Furthermore, Plaintiffs are concerned that delay of this type systematically disadvantage plaintiffs in litigation of this kind, by tipping the cost-

benefit analysis away from taking on prosecution of class actions.  Such a shift in the market for legal services can meaningfully, if subtly, undermine enforcement of laws enacted by Congress and other legislative bodies, to the detriment of less fortunate members of society who rely on contingency fee arrangements and representative actions to achieve justice.

Therefore, Plaintiffs respectfully submit that 0% of the fee should be withheld.  If the Court finds Plaintiffs' argument unpersuasive, Plaintiffs request that 5% be withheld, in light of the Court's statement that it "will typically withhold between 10% and 20%" of the fee, and Class Counsel's track record of service to class members before this Court, in other cases in this District, and beyond, is better than that which is "typical."

## VI.  **CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request that this Court grant final approval of the Settlement and enter the judgment accordingly.

Respectfully submitted,

Dated:  April 6, 2023

By: /s/ *Jahan C. Sagafi*
       Jahan C. Sagafi

Jahan C. Sagafi (SBN 224887)
OUTTEN & GOLDEN LLP
One California Street, 12th Floor
San Francisco, CA 94111
Tel: (415) 638-8800
Fax: (415) 638-8810
E-mail: jsagafi@outtengolden.com

Theanne Liu (admitted *pro hac vice*)
OUTTEN & GOLDEN LLP
685 Third Avenue, 25th Floor
New York, NY 10017
Tel: (212) 245-1000
Fax: (646) 509-2060
E-mail: tliu@outtengolden.com

Robert Ottinger (SBN 156825)
Finn Dusenbery
THE OTTINGER FIRM, P.C.
535 Mission Street
San Francisco, CA 94133
Tel: (415) 262-0096
Fax: (212) 571-0505
E-mail: robert@ottingerlaw.com
E-mail: finn@ottingerlaw.com

*Attorneys for Plaintiffs, Proposed Class Members, and Aggrieved Employees*