Jahan C. Sagafi (SBN 224887)
OUTTEN & GOLDEN LLP
One California Street, 12th Floor
San Francisco, CA 94111
Tel: (415) 638-8800
Fax: (415) 638-8810
E-mail: jsagafi@outtengolden.com

Theanne Liu (admitted *pro hac vice*)
OUTTEN & GOLDEN LLP
685 Third Avenue, 25th Floor
New York, NY 10017
Tel: (212) 245-1000
Fax: (646) 509-2060
E-mail: tliu@outtengolden.com

Robert Ottinger (SBN 156825)
Finn Dusenbery (admitted pro hac vice)
THE OTTINGER FIRM, P.C.
535 Mission Street
San Francisco, CA 94133
Tel: (415) 262-0096
Fax: (212) 571-0505
E-mail: robert@ottingerlaw.com
E-mail: finn@ottingerlaw.com

*Attorneys for Plaintiffs, Proposed Class Members, and Aggrieved Employees*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| PABLO SANCHEZ, and VIOLET ALVAREZ, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>HEARST COMMUNICATIONS, INC., and DOES 1–10, inclusive,<br><br>Defendants. | Case No. 3:20-cv-05147-VC<br><br>**REVISED ORDER GRANTING FINAL APPROVAL OF CLASS ACTION AND PAGA SETTLEMENT AND FINAL JUDGMENT**<br><br>Hearing Date: April 20, 2023<br>Time: 10:00 A.M.<br>Courtroom: 4 – 17th Floor<br>Judge: The Honorable Vince Chhabria |

1

On April 20, 2023, a hearing was held on the unopposed motion of Plaintiffs Pablo Sanchez and Violet Alvarez for final approval of the settlement set forth in Joint Stipulation of Class Action and PAGA Settlement and Release of Claims ("Settlement Agreement" or "Agreement") dated December 1, 2022.  On December 19, 2022, this Court granted preliminary approval to the proposed settlement set forth in the Settlement Agreement between Plaintiffs, individually and as class representatives on behalf of Class Members, and Defendant Hearst Communications, Inc. ("Hearst") (collectively the "Parties"). This Court also granted conditional certification of the Settlement Class for settlement purposes and set a date for the Final Approval Hearing.

The Court finds that due and adequate notice was given to the Settlement Class Members as required in the Court's Order.

The Court has reviewed the papers filed in support of the motion for Final Approval, including the Settlement Agreement and exhibits thereto, memoranda and arguments submitted on behalf of the Settlement Class Members, and supporting declarations.  Based on the papers filed with the Court and the presentations made to the Court by the Parties and by any other interested persons at the Final Approval Hearing, it appears to the Court that the Agreement is fair, adequate, and reasonable, and in the best interests of the Settlement Class Members.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1. **Definitions.**  This Order incorporates by reference the definitions in the Agreement, and all capitalized terms used, but not defined herein, shall have the same meanings as in the Agreement.

2. **Jurisdiction.**  This Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all Members of the Class, and venue in this Court is proper.

3. **Settlement Class.**  For the purposes of settlement only, the Court finds that the proposed California Rule 23 Class, as defined in the Settlement Agreement, meets the requirements of Rule 23(a)

and Rule 23(b)(3) of the Federal Rules of Civil Procedure.  *See* Preliminary Approval Order, ECF No. 126 ¶ 5.  Accordingly, the Court certifies for settlement purposes only the following California Rule 23 Class:

> All persons who have entered into written contracts with Hearst solely pursuant to a home delivery agreement in the State of California regarding distribution of newspapers, including, but not limited to, the *San Francisco Chronicle*, at any time from July 27, 2016, through the date of the Preliminary Approval Order entered by the Court on December 19, 2022, and who do not submit a timely and valid Opt Out.

4.  **Designation of Class Representatives and Class Counsel.**  The Court confirms the prior appointments of the Plaintiffs Pablo Sanchez and Violet Alvarez as Class Representatives for the Class Members, and the counsel of record representing the Plaintiffs in the Action as Class Counsel.

5.  **Approval of Class Notice.**  The Court finds that the Settlement Administrator followed the Preliminary Approval Order with respect to the form and means of distributing the Notice.  The form and means of disseminating the Notice as provided for in the Preliminary Approval Order, ECF No. 126 ¶ 8, constituted the best notice practicable under the circumstances, including individual notice to all Class Members who could be identified through reasonable effort.  Said Notice provided the best notice practicable under the circumstances of the proceedings and the matters set forth therein, including the proposed Settlement set forth in the Agreement, to all persons entitled to such notice, and said Notice fully satisfied the requirements of Federal Rule of Civil Procedure 23 and complied with all laws, including, but not limited to, the Due Process Clause of the United States Constitution.

6.  **Settlement Approval.**  Pursuant to Federal Rule of Civil Procedure 23, this Court hereby approves the Settlement set forth in the Settlement Agreement and finds that the Settlement is, in all respects, fair, reasonable and adequate to the Parties.  The Court further finds that the Settlement set forth in the Settlement Agreement is the result of good faith arm's-length negotiations between experienced counsel representing the interests of the Parties.  In addition, of the 56 potential Settlement

Class Members, none objected and only one opted out of the Settlement. Accordingly, the Settlement embodied in the Agreement is hereby finally approved in all respects, there is no just reason for delay, and the Parties are hereby directed to perform its terms.

7. **Settlement Timeline.** By the terms of the Settlement Agreement, the Settlement will be implemented on the following timeline:

| Event | Deadline |
|---|---|
| Defendant to fund Settlement | Effective Date + 15 days |
| Settlement Administrator to send Service Awards | Effective Date + 30 days |
| Settlement Administrator to transfer Court-Approved Attorneys' Fees and Costs to Plaintiffs' Counsel | Effective Date + 30 days |
| Settlement Administrator to mail Individual Class Payment and Individual PAGA Payment checks | Effective Date + 30 days |
| Settlement Administrator to pay LWDA portion of Total PAGA Settlement Payment | Effective Date + 45 days |
| Any remaining funds to be redistributed to Settlement Class Members who claimed their shares. | 30 days post expiration date of settlement checks |

8. **Release.** The releases set forth in Section 6 and its subparts of the Agreement together with the definitions in §§ 1.2, 1.22, 1.27, 1.28, and 1.5 relating thereto are expressly incorporated herein in all respects and made effective by operation of this Order. The Court hereby approves the release provisions as contained and incorporated in Section 6 and its subparts of the Agreement. The Settlement Class Members, Aggrieved Individuals, and Class Representatives – and each of their respective executors, administrators, representatives, agents, heirs, successors, assigns, trustees, spouses, or guardians – shall be deemed to have, and by operation of the Judgment shall have, fully, finally and forever released, relinquished and discharged all Released Claims (including unknown claims) against the Released Parties.

9.      **Attorneys' Fees and Expenses.** Plaintiffs and Class Counsel have moved for an award of attorneys' fees in the amount of $332,500 and reimbursement of costs and expenses in an amount not to exceed $40,000, specifically requesting $32,383.19 in costs and expenses. The Settlement Class members were given notice of this request, and none of them objected to it. The Court has considered this application separately from this Judgment. For the reasons explained on the record, the Court finds that an award of $332,500 in attorneys' fees and $32,383.19 in litigation costs and expenses is fair and reasonable, and the Court approves of Class Counsel attorneys' fees, costs, and expenses in these amounts. The Court will withhold 10% of these attorneys' fees until after the Post-Distribution Accounting has been filed.

10.     **Named Plaintiffs' Service Awards.** Plaintiffs Pablo Sanchez and Violet Alvarez have moved for service awards of $15,000 each in recognition of the work they performed, the value they created, and the risk they incurred in leading this litigation. The Court finds that service awards for Plaintiffs of $15,000 each is fair and reasonable, and the Court approves of the service awards in this amount. The Court directs the Settlement Administrator to disburse these awards to Plaintiffs Pablo Sanchez and Violet Alvarez as provided in the Settlement Agreement.

11.     **Post-Distribution Accounting.**  After the settlement funds have been distributed to class members (including a second distribution, if applicable) and after the time has passed for cashing checks, the parties shall file a Post-Distribution Accounting, which provides the following information: The total settlement fund, the total number of class members, the total number of class members to whom notice was sent and not returned as undeliverable, the number and percentage of claim forms submitted, the number and percentage of opt-outs, the number and percentage of objections, the average and median recovery per claimant, the largest and smallest amounts paid to class members, the method(s) of notice and the method(s) of payment to class members, the number and value of checks not

cashed, the amounts redistributed to each Settlement Class Member (to the extent there are any remaining funds), the administrative costs, the attorneys' fees and costs, the attorneys' fees in terms of percentage of the settlement fund, and the multiplier, if any.

The parties should post the Post-Distribution Accounting, including the easy-to-read chart, on the settlement website when they file it on the docket.

The Court may hold a hearing following submission of the parties' Post-Distribution Accounting.

12. **Dismissal with Prejudice.** Final Judgment is hereby entered with respect to the Released Claims of all Settlement Class Members, Aggrieved Individuals, and Class Representatives, and the Released Claims in the Action are hereby dismissed in their entirety with prejudice with each side to bear its own costs and attorneys' fees, except as provided by the Settlement and the Court's orders. Nothing herein is intended to waive or prejudice the rights of Settlement Class Members who have timely excluded themselves.

13. **Continuing Jurisdiction.** Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over the administration, consummation, enforcement, and interpretation of the Agreement, the Final Judgment, and for any other necessary purpose.

14. **Class Action Fairness Act Notice.** Hearst has provided notification to all appropriate federal and state officials regarding the Settlement as required by 28 U.S.C. § 1715.

15. **Implementation of the Agreement.** The Parties are hereby ordered to comply with the terms of the Agreement. Without further order of this Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of the Agreement.

16. **Entry of Final Judgment.**  Entry by the Clerk of the Court of this Order and Final Judgment is hereby directed.

IT IS SO ORDERED.

DATED: April 25, 2023

                                                                             
THE HONORABLE VINCE CHHABRIA
UNITED STATES DISTRICT JUDGE